UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHARLES JONES,

                    Petitioner,              15-cv-8527 (PKC)(BCM)

     -against-                         ORDER ADOPTING REPORT
                                                                       AND RECOMMENDATION


COMMISSIONER ANA BURMUDEZ AND
ERIC SCHNEIDERMAN,

                    Respondents.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        On October 29, 2015, petitioner Charles Jones, who represents himself pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court referred the petition to Magistrate Judge Barbara C. Moses for a Report and Recommendation ("R&R"). On February 14, 2019, Magistrate Judge Moses recommended that the petition be denied in its entirety. (Doc. 15). Jones filed objections to the R&R on March 8, 2019 (the "Objections"). (Doc. 16). For the reasons that follow, this Court concludes that the R&R is well-reasoned and grounded in law, and it is adopted in full.

DISCUSSION

        In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews the matters raised in Jones's Objections de novo. Id. In order to establish entitlement to federal habeas relief, Jones must show that (i) the state court's actions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (ii) "resulted in a decision that was

                                                                          Mailed to Mr. Jones on March 29, 2019

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 402–13 (2000).

The Court has engaged in a de novo review of the R&R, and the record on which it is based, to the extent that Jones has raised an objection. See Rule 72(b), Fed. R. Civ. P. The Court need not address in this Order all that it considered, but it has considered the entirety of the Objections. The Court has also reviewed the portions of the R&R to which no objections were made for clear error and has found none. See Rule 72, Fed. R. Civ. P. advisory committee notes (1983). The Court, as noted, adopts the R&R in full.

Jones first argues that the R&R's recitation of the facts was "unnecessarily salacious & prejudicial" and understated the fact that his harassment conviction was vacated because "the harassment statute was struck down by the Court of Appeals as 'unconstitutional.'" With respect to the R&R's recitation of the facts, the Court has reviewed the relevant portions of the record and concludes that the R&R accurately and adequately recited the facts. With respect to the harassment conviction, Jones is correct that the Appellate Division vacated this conviction because the New York Court of Appeals held unconstitutional the corresponding harassment statute. See People v. Jones, 997 N.Y.S.2d 413 (1st Dep't 2014). The R&R's statement that "the Appellate Division vacated petitioner's harassment conviction based on prior state precedent" is consistent with this fact. (R&R at 4). In any case, the harassment conviction does not require detailed discussion because Jones's habeas petition is not based on the harassment conviction, but rather on Jones's possession of a stun gun in violation of N.Y. Penal Law § 265.02(1).

Jones also argues that his constitutional claims may be reviewed by a federal court because "the First Department rejected Petitioner's claims in an alternative holding 'on the

merits.'" In rejecting Jones's appeal, the Appellate Division reasoned that "Defendant failed to preserve any of his challenges to his [weapons] conviction, and we decline to review them in the interest of justice." People v. Jones, 997 N.Y.S.2d 413 (1st Dep't 2014). The Appellate Division also stated "[a]s an alternative holding, we reject defendant's claims on the merits." Id. As discussed in the R&R, "[a] federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Walker v. Martin, 562 U.S. 307, 315 (2011) (internal quotation marks omitted). In such a case, habeas review is barred even if the state court supplied an alternative basis for its decision based on the merits. Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an alternative holding. . . . the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law."); Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990) ("[F]ederal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim."); Liggins v. Burge, 689 F. Supp. 2d 640, 652–53 (S.D.N.Y. 2010) ("[T]he alternative ruling on the merits does not remove the procedural bar created by the independent and adequate state procedural ruling.").

The R&R concluded that the Appellate Division's decision rested on an independent and adequate state law ground, namely, procedural default. (R&R at 8-11). Jones has not objected to that conclusion and the Court has adopted that conclusion after reviewing for clear error. Because the Appellate Division's decision rested on an independent and adequate

state law ground, habeas review is barred even though the Appellate Division rendered an alternative holding based on the merits.

Jones additionally objects that the R&R "misrepresents the holdings of MCDONALD & HE[LL]ER substituting 'arms' for 'firearms.'" The R&R quotes D.C. v. Heller, 554 U.S. 570, 626 (2008) for the proposition that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill" and quotes McDonald v. City of Chicago, Ill., 561 U.S. 742, 786 (2010) for the proposition "[w]e made clear in Heller that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill.'" (R&R at 16). A few paragraphs later, the R&R concludes that "neither Heller not its progeny 'cast[s] doubt' on [Jones's] conviction under N.Y. Penal Law § 265.02(1), which by its terms applies only to a person who 'has been previously convicted' of a crime," citing to Heller, McDonald and a Second Circuit case for support. (R&R at 18). The citation to McDonald includes an explanatory parenthetical that summarizes McDonald's proposition as follows: "Second Amendment does not call into question 'longstanding prohibitions' on the possession of arms 'by felons.'" (Id.). The R&R's use of the word "arms" instead of the word "firearms" is inconsequential. For one, the R&R provided the full quotation complete with the word "firearm" only a few paragraphs earlier. Additionally, the use of the word "arms" in the parenthetical does not undermine the R&R's conclusion that Heller and progeny do not cast doubt on Jones's conviction under N.Y. Penal Law § 265.02(1).

Jones's remaining objections merely reiterate the arguments he made in his petition, reply and subsequent letters regarding Equal Protection and vagueness, the state trial court's denial of his "motion to file a future motion," his standing to challenge N.Y. Penal Law §

265.01(1), and the relevance of a New Jersey federal court ruling on the constitutionality of a stun gun ban. He cites to no additional law and presents no additional facts to support these arguments. This Court holds that Magistrate Judge Moses's well-reasoned R&R directly and adequately addresses each of these arguments, and accordingly references the corresponding sections of the R&R in response to the reiterated arguments.

CONCLUSION

The R&R is adopted in its entirety and the petition is DENIED. The Clerk is directed to close the case and enter judgment for the respondents.

Jones has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. See 28 U.S.C. § 2253; Blackman v. Ercole, 661 F.3d 161, 163–64 (2d Cir. 2011). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
March 29, 2019